1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    Sharan Nagesh,                                No. 2:18-cv-00839-KJM-JDP

12                        Plaintiff,                ORDER

13          v.

14    BMW of North America, LLC,

15                        Defendant.

16

17          Plaintiff Sharan Nagesh prevailed in this "lemon law" case against BMW.  His attorneys

18    at Cline APC now move for an award of fees and costs.  The motion was submitted without oral

19    argument and is now granted in part.

20    I.      BACKGROUND

21          Mr. Nagesh bought a new BMW 3 series in early 2017.  Devlin Decl. ¶ 5, ECF No. 24-2.

22    He soon noticed bumps and thumps in the fuel tank, and a warning light came on.  *Id.* ¶ 6.  BMW

23    tried to fix the car, but failed, and did not pay any compensation.  *Id.* ¶¶ 6–7.  Mr. Nagesh then

24    filed this lawsuit in state court, asserting several claims under California law, including the Song-

25    Beverly Consumer Warranty Act.  *See* Not. Removal Ex. A, ECF No. 1.  BMW removed the case

26    to this court based on the parties' diversity of citizenship.  *See id.*

27          After removal, the parties served and responded to discovery requests, appeared at an

28    initial Rule 26 scheduling conference, and conducted two depositions.  *See* Devlin Decl. ¶¶ 8–16;

1

1  Minutes, ECF No. 8.  They reached a settlement agreement a little less than two years after the

2  case was filed.  *See* Settlement Agmt., *id.* Ex. 1 at 5.  Mr. Nagesh agreed to accept $19,000, or

3  about 36 percent of the original purchase price, in return for releasing BMW from liability, and he

4  kept the car.  *See id.* at 1–2.  BMW also agreed to pay his attorneys' fees.  *See id.*  But the parties

5  have not agreed on the amount of those fees.  This motion was the result.

6          Mr. Nagesh's counsel at Cline APC requests a total award of $59,149.88, the sum of

7  $47,524.00 in fees incurred during the litigation to date, $3,500 in fees incurred preparing a reply

8  brief, $3,373.48 in costs and expenses, and an enhancement of $4,752.40.  Mot. at 1, ECF No. 24.

9  The fee request is calculated based on 144.4 hours billed by six attorneys, three legal assistants,

10 two paralegals, and one law clerk, although counsel avers that no more than one associate was

11 ever assigned to the matter at any given time.  *See id.* at 7–8 n.4; Cline Decl. at 3, ECF No. 24-1.

12 BMW, represented by counsel at Morgan, Lewis & Bockius, LLP, opposes the motion and argues

13 that if any amount is awarded, the court should impose reductions for excessive hourly rates,

14 block billing, improper clerical work, unnecessary travel and mileage, and excessive time spent

15 on discovery, settlement talks, and litigating the fee dispute.  *See* Opp'n at 4–10, ECF No. 27.  If

16 any award is granted, BMW proposes $16,766.80 in fees and $1,375.41 in costs.  *Id.* at 9.

17 **II.     LEGAL STANDARD**

18         Fee requests under the Song-Beverly Act are governed by California Civil Code section

19 1794(d).  Plaintiff buyers who prevail under that section "shall" recover "a sum equal to the

20 aggregate amount of costs and expenses, including attorney's fees based on actual time

21 expended," as long as those amounts were "reasonably incurred by the buyer in connection with

22 the commencement and prosecution" of the case.  Cal. Civ. Code § 1794(d).  "The plain wording

23 of [this] statute requires the trial court to base the fee award upon actual time expended on the

24 case, as long as such fees are reasonably incurred—both from the standpoint of time spent and the

25 amount charged."  *Robertson v. Fleetwood Travel Trailers of CA, Inc.*, 144 Cal. App. 4th 785,

26 817 (2006) (emphasis omitted).  For that reason, "[a] prevailing buyer has the burden of showing

27 that the fees incurred were allowable, were reasonably necessary to the conduct of the litigation,

28 and were reasonable in amount."  *Durham v. FCA US LLC*, No. 17-00596, 2020 WL 243115, at

1  *3 (E.D. Cal. Jan. 16, 2020) (quoting *Nightingale v. Hyundai Motor Am,*, 31 Cal. App. 4th 99,

2  104 (1994)).

3       If a fee request is opposed, "[g]eneral arguments that fees claimed are excessive,

4  duplicative, or unrelated do not suffice." *Id.* at *3 (quoting *Premier Med. Mgmt. Sys. v. Cal. Ins.*

5  *Guarantee Ass'n*, 163 Cal. App. 4th at 550, 564 (2008)). "Rather, the opposing party has the

6  burden to demonstrate the hours spent are duplicative or excessive." *Id.* (citing *Premier Med.*

7  *Mgmt. Sys.*, 163 Cal. App. 4th at 562, 564). "[T]he party opposing the fee award can be expected

8  to identify the particular charges it considers objectionable." *Gorman v. Tassajara Dev. Corp.*,

9  178 Cal. App. 4th 44, 101 (2009).

10  **III.   DISCUSSION**

11       The court "begins with the 'lodestar,'" i.e., (1) the number of hours reasonably expended

12  multiplied by (2) the reasonable hourly rate. *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal.

13  App. 4th 140, 154 (2006) (quoting *PLCM Group, Inc. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000)).

14  After determining the lodestar fee award, the court considers whether to apply an adjustment

15  under *Ketchum v. Moses*, 24 Cal. 4th 1122 (2001).

16       **A.   Hours**

17       In determining an appropriate fee award, "the district court should exclude hours 'that are

18  excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097,

19  1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "'[P]adding' in

20  the form of inefficient or duplicative efforts is not subject to compensation." *Ketchum*, 24 Cal.

21  4th at 1132. But as a general rule, "the court should defer to the winning lawyer's professional

22  judgment as to how much time he was required to spend on the case." *Moreno v. City of*

23  *Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). "[T]he court will not second-guess reasonable

24  attorney conduct of a litigation strategy for the case." *E–Pass Techs., Inc. v. 3Com Corp.*,

25  No. 00–2255, 2007 WL 4170514, at *6 (N.D. Cal. Nov. 14, 2007).

26       As noted above, BMW bears the burden here to "identify the particular charges it

27  considers objectionable." *Gorman*, 178 Cal. App. 4th at 101. It first argues counsel has used

28  inappropriate block billing. *See* Opp'n at 6. Block billing is the aggregation of time spent on a

1    case into "blocks" rather than task-by-task divisions. *See, e.g.*, *Welch v. Metro. Life Ins. Co.*,

2    480 F.3d 942, 945 n.2 (9th Cir. 2007).  Block billing "makes it more difficult to determine how

3    much time was spent on particular activities," *id.* at 948, and "is particularly problematic in cases

4    where there is a need to separate out work that qualifies for compensation . . . from work that

5    does not," *Jaramillo v. County of Orange*, 200 Cal. App. 4th 811, 830 (2011).

6        With a few exceptions related to travel time, which the court discusses separately below,

7    the billing records submitted in support of Mr. Nagesh's motion here are reasonably free of

8    block-billed entries.  *See* Cline Decl. Ex. 1, ECF No. 24-1.  They describe the work performed

9    and time spent briefly but with enough detail to understand each entry.  A representative example

10   is the entry for 26 minutes of work by Eric Natenstedt on August 7, 2018: "Email opposing

11   counsel, review minute order, update file notes."  *Id.* at 2  The few block-style entries are also

12   reasonable, again with the exceptions noted separately below.  An example is the December 6,

13   2017 entry for seven and a half hours billed by Brian Cline for communicating with his client,

14   reviewing evidence, researching the alleged defects and warranties, consulting with others in the

15   office, computing potential damages, and completing an analysis of the case, among other tasks.

16   *See id.* at 1.  The court declines to impose a general deduction for block billing.

17       BMW next argues the fee request includes many entries for wasteful or excessive work

18   and time.  Opp'n at 6–9.  It points to work it describes as "clerical," such as transferring phone

19   calls, calendaring, and organizing mail.  *See id.* at 6–7.  The Ninth Circuit and district courts

20   within this Circuit have indeed refused to award fees at hourly rates for filing, copying, scanning,

21   organizing documents, and similar tasks.  *See, e.g.*, *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th

22   Cir. 2009); *Moore v. Chase, Inc.*, No. 14 -01178, 2016 WL 3648949, at *3 (E.D. Cal. July 7,

23   2016).  The California Court of Appeal has held, however, that an award that excludes paralegal

24   service time "would not fully compensate the attorney."  *Guinn v. Dotson*, 23 Cal. App. 4th 262,

25   269 (1994).  The court here thus identifies time entries for purely clerical tasks—i.e., those that

26   /////

27   /////

28   /////

4

1  could have been completed by a person without training as a paralegal—which are excluded.

2  Deductions for these non-compensable, purely clerical tasks are set out in the margin.[1]

3        BMW argues similarly that Mr. Nagesh has attempted to recover twice for the same work,

4  citing time billed by two attorneys to review the same discovery responses.  *See* Opp'n at 8.

5  According to Mr. Nagesh's counsel, this duplication of effort was a result of the original

6  reviewing attorney's departure from the firm.  *See* Reply at 9, ECF No. 31.  Reasonably diligent

7  counsel can, however, be expected to preserve notes and analysis for reference in the event of a

8  future departure.  The court accordingly deducts half of the later time entry, 1.7 hours.

9        BMW also argues fees and costs should not be awarded for travel and related expenses.

10  Opp'n at 7–8.  Although reasonable travel time and related expenses may be compensable, *see,*

11  *e.g.*, *Gordillo v. Ford Motor Co.*, No. 11-01786, 2014 WL 2801243, at *4 (E.D. Cal. June 19,

12  2014), nothing here suggests capable local counsel was unavailable to handle this relatively

13  simple matter, *see, e.g.*, *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 907 (9th Cir.

14  1995) (declining to award higher rates to out-of-district counsel because plaintiff had not shown

15  local counsel was available).  And BMW's decision to engage a large, out-of-town, international

16  law firm does not show otherwise, contrary to Mr. Nagesh's argument in reply. *See* Reply at 8–9.

17  He is free, as is BMW, to engage attorneys charging higher-than-reasonable rates for this District

18  and to pay for their time and travel, but the law does not entitle him to compensation and

19  reimbursements for his choice.

20        Unfortunately, the calculation of an appropriate travel-time deduction is complicated here

21  by certain block-billed entries, as noted above.  These entries combine compensable working time

22  and non-compensable travel time, such as a ten-hour entry on March 8, 2019 for "Final

23  preparation and conducting deposition, Return travel to San Diego."  Cline Decl. Ex. 1 at 20.  A

24  three-hour reduction is thus applied to each mixed entry to account for non-compensable travel

---

[1] The excluded entries include 0.6 hours' non-compensable time billed by John Evans; 3.0 hours' non-compensable time billed by Camille Galanto; 1.3 hours' non-compensable time billed by Mary Garcia; 0.3 hours' non-compensable time billed by Pegah Kashani; 0.1 hours non-compensable time billed by Jeff Moses; 0.2 hours non-compensable time billed by Shawnee Cummings; and 0.2 hours' non-compensable time billed by Corey Westfall.

1   time; however, time clearly dedicated solely to travel is excluded entirely.  The total deduction is

2   fourteen hours.  The court also reduces the cost award to $1,375.41 to exclude non-compensable

3   expenses resulting from Mr. Nagesh's decision to hire non-local counsel.

4          Finally, BMW argues Mr. Nagesh is not entitled to compensation for his attorneys' time

5   in negotiations attempting to avoid litigation over fees and in preparing this motion.  *See* Opp'n at

6   8–9.  Counsel recorded about eight hours, after agreeing to a settlement in principle, spent

7   communicating with Mr. Nagesh and opposing counsel and finalizing the settlement agreement.

8   *See* Cline Decl. Ex. 1 at 21–23.  Counsel also recorded 8.7 hours' work related to this motion.

9   *See id.*  These time entries and the work performed are reasonable and compensable.  *See, e.g.*,

10  *Seebach*, 2020 WL 4923664, at *5 (awarding similar fees incurred post-settlement and preparing

11  motion for fees).  But counsel's time preparing a reply was not reasonable; it took more than

12  twice as long to prepare the reply as the motion itself.  *See* Cline Reply Decl. Ex. 13, ECF No. 32

13  (reporting 8.4 hours by Mr. Cline and 9.8 hours by Mr. Devlin).  The court accordingly deducts

14  3.4 hours from Mr. Cline's time and 4.8 hours from Mr. Devlin's time.  *See Gordillo*, 2014 WL

15  2801243, at *4 (finding ten hours was sufficient time to prepare reply in similar case).

16         **B.    Rates**

17         A reasonable hourly rate is "the rate prevailing in the community for similar work."  *Arias*

18  *v. Ford Motor Co.*, No. 18-1928, 2020 WL 1940843, at *3 (C.D. Cal. Jan. 27, 2020).  "The

19  relevant community is the community in which the court sits."  *Id.* (citing *Schwarz*, 73 F.3d at

20  906).  To determine a reasonable rate, a court may refer to "[a]ffidavits of the plaintiffs' attorney

21  and other attorneys regarding fees in the community" and rates paid in other cases.  *United*

22  *Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).  "If an applicant

23  fails to meet its burden, the court may exercise its discretion to determine reasonable hourly rates

24  based on its experience and knowledge of prevailing rates in the community."  *Arias*, 2020 WL

25  1940843, at *3 (citations omitted).

26  /////

27  /////

28  /////

1        BMW does not contest the hourly rates Nagesh proposes for law clerk, paralegal and legal

2   assistant time.  The court also finds these rates reasonable.  *See, e.g.*, *Seebach*, 2020 WL 4923664

3   at *6.  But the attorneys' proposed rates are contested:[2]

- Brian Cline,  the owner of Cline APC and a graduate of the Catholic University of America Columbus School of Law, who has practiced law in California since 2006: $450, $505, and $515 per hour in 2017, 2018, and 2019, respectively.  Cline Decl. ¶ 3, ECF No. 24-1.

- Michael Devlin, a 2009 graduate of the University of Southern California Law School: $450 and $470 per hour for work 2018 and 2019, respectively.  *Id.* ¶ 24.

- Nick Zwarg, a graduate of the University of Miami School of Law admitted to the California Bar in 2018: $325 per hour.  *Id.* ¶ 25.

- Eric Natenstedt, a graduate of the University of San Diego School of Law admitted to the California Bar in 2014: $350 per hour.  *Id.* ¶ 26.

- Lukas Bylund, a graduate of Thomas Jefferson School of Law admitted to the California Bar in 2014: $335 per hour.  *Id.* ¶ 27.

- Jeff Moses, a graduate of Northwestern California University admitted to the California Bar in 2015: $350 per hour.  *Id.* ¶ 28.

18   BMW proposes flat hourly rates of $400 for partners and $300 for associates.  Opp'n at 9.

19        Plaintiff's counsel argues its proposed rates are reasonable because they are similar to

20   those awarded in other cases and resemble the rates reported in surveys.  *See* Cline Decl. ¶¶ 11–

21   21; *see also* Devlin Decl. ¶ 3.  Very few of the cited rates, however, were awarded in or near the

22   Sacramento division or even within this District.  Most were awarded in Los Angeles and San

23   Diego counties.  *See id.*  Nor has counsel explained why an out-of-district rate is appropriate.  *See*

24   Mot. at 7–9; Reply at 5–6.  This court has in fact awarded lower rates in similar cases to attorneys

25   with similar or greater experience.  *See Seebach*, 2020 WL 4923664 at *3, 6 (collecting authority

---

[2] On its own motion, the court takes judicial notice of these attorneys' California State Bar membership information.  *See White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010) (taking judicial notice of membership information reported on California State Bar website).

and awarding $505 per hour to attorney with twenty years' experience, $300 per hour to attorney with four years' experience, and $200 per hour to attorney with one year's experience, among other rates); *see also Gordillo*, 2014 WL 2801243, at *6 (awarding Mr. Cline, who at time had about five years' experience, $200 per hour).  The rates the court has previously awarded are again reasonable here.  The court thus finds the following flat rates to be reasonable: $450 per hour for Mr. Cline's time; $375 per hour for Mr. Devlin's time; $300 for Mr. Natenstedt's, Bylund's, and Moses's time; and $225 per hour for Mr. Zwarg's time.  The court has considered the passage of time and inflation in determining that these rates are reasonable.

### C.    Enhancement

A lodestar fee award "may be adjusted by the court based on factors including . . . (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award."  *Ketchum*, 24 Cal. 4th at 1132.  No enhancement to the lodestar award is appropriate in this case, which involved no novel or difficult issues, no unusually skilled work by counsel, and no other employment precluded.  The court has also considered the contingent nature of counsel's representation here and finds that the hourly rates discussed above take all relevant uncertainties into account.  *See Seebach*, 2020 WL 4923664 at *6.

### IV.    CONCLUSION

The motion for fees and costs is granted in part.  **The court awards fees of $40,289.50**:

- Luke Bylund: 2.5 hours (no deduction) at $300 per hour;
- Brian Cline: 19.1 hours (a deduction of 3.4 hours) at $450 per hour;
- Shawnee Cummings: 1.5 hours (a deduction of 0.2 hours) at $95 per hour;
- Michael Devlin: 13.3 hours (a deduction of 4.8 hours) at $375 per hour;
- John Evans: 0.4 hours (a deduction of 0.6 hours) at $95 per hour;
- Camille Galanto: 0.6 hours (a deduction of 0.7 hours) at $95 per hour and 2.1 hours (a deduction of 2.3 hours) at $135;
- Mary Garcia: 0.5 hours (a deduction of 1.3 hours) at $95 per hour;

8

1        • Pegah Kashani: 0.2 hours (a deduction of 0.3 hours) at $95 per hour;

2        • Jeff Moses: 58.2 hours (a deduction of 10.8 hours) at $300 per hour;

3        • Eric Natenstedt: 18.7 hours (a deduction of 5.0 hours) at $300 per hour;

4        • Corey Westfall: 14.2 hours (a deduction of 0.2 hours) at $135 per hour; and

5        • Nick Zwarg: 1.7 hours (no deduction) at $225 per hour.

6    **The court also awards costs of $1,375.41** after applying the deduction discussed above.

7    This order resolves ECF No. 24.

8    Plaintiff is directed to file dispositional documents **within seven days**.

9    IT IS SO ORDERED.

10   DATED:  March 18, 2021.

11

12

_____
CHIEF UNITED STATES DISTRICT JUDGE